U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED- LAFAYETTE

SEP 02 2016

TONY R. MOORE, CLERK
BY_____
         DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| OBAFUNWA | CIVIL ACTION NO. 6:16-cv-1169 |
| VERSUS | JUDGE DOHERTY |
| SCDF LOAN & TECHNICAL ASSISTANCE FUND, INC., ET AL | MAGISTRATE JUDGE WHITEHURST |

## RULING

Pending before the Court are Plaintiff's requests for injunctive relief, contained in his Complaint [Doc. 1], which are construed as requests that this Court (1) issue a temporary restraining order ("TRO") prohibiting enforcement of an allegedly erroneous state court "Judgement on Rule for Eviction" [Doc. 1-2, p. 319], pending review of that decision by this Court, and (2) issue a preliminary injunction prohibiting Defendants or their agents from foreclosing on or evicting him from property that forms the basis of the dispute at bar. For the reasons given below, this Court will DENY Plaintiff's requests for injunctive relief.

### I.    Procedural History

Plaintiff Christopher Kole Obafunwa, Sr., appearing *pro se*, filed a Complaint [Doc. 1] on August 10, 2016, alleging that Defendants have violated numerous state and federal laws, including laws governing contract, real estate, lending, debt collection, wire and mail fraud, and identity theft.[1] Plaintiff also makes certain requests for injunctive relief, which are unclear in their drafting. However, the United States Supreme Court has held "[a] document filed *pro se* is to be

---

[1] Plaintiff filed an Amended Complaint on August 29, 2016 [Doc. 6]. After laborious review, the Court determined that the amendments appear to be clerical in nature, and do not affect the substance of Plaintiff's claims or requests. Furthermore, as the Exhibits attached to the Complaint were not included with the Amended Complaint, this ruling will cite the Complaint for page numbers.

1

liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (internal citations and quotation marks omitted). Therefore, the Court will construe Plaintiffs' requests for injunctive relief as (1) an application for a TRO prohibiting enforcement of a state court Judgement on Rule for Eviction, pending review of that decision by this Court, and (2) an application for a preliminary injunction prohibiting Defendants or their agents from foreclosing on or evicting him from property that forms the basis of the dispute at bar.[2] [See Doc. 1 at pp. 2, 6, 91, 93]

The Court will note that Local Civil Rule 65.1 requires that an application for a temporary restraining order or a preliminary injunction be made in a document separate from the complaint. That separate document must, among other things, state that notice of the application has been provided to adverse counsel, if known, and describe the efforts made to provide that notice. Plaintiff has not complied with LR65.1, as his requests for injunctive relief are contained solely in the Complaint, and there is no indication that Plaintiff attempted to give adverse counsel notice that he would be applying for injunctive relief. Nonetheless, as Plaintiff appears *pro se,* this Court will decline to dismiss either of the Complaints for lack of form.

## II.   Applicable Law

In the Fifth Circuit, an applicant seeking a temporary restraining order or preliminary injunction must show (1) a substantial likelihood that he or she will prevail on the merits, (2) a substantial threat that he or she will suffer irreparable injury if the injunction is not granted, (3)

---

[2] Regarding the TRO, Plaintiff "seek[s] a federal court intervention and an urgent TRO against a wrongful foreclosure and eviction" [Doc. 1, p. 2] and "prays that this federal court…grant his application for an immediate TRO of the state court judge's April 11, 2016 ruling…for an eviction" [Doc. 1, p. 92]. As to the preliminary injunction, Plaintiff "seeks an injunction to enjoin all 8 defendants and their agents or assigns from not [sic] disturbing the peace of nor any attempt to evict or foreclose on the property in dispute – pending the decision of this federal court in this matter concerning to [sic] federal laws & jurisdiction." [Doc. 1, p. 92]. (typeface formatting removed as to all quotes).

2

that his or her threatened injury outweighs the threatened harm to the party whom he or she seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. An applicant must clearly carry the burden of persuasion on all four requirements. PCI Transp., Inc. v. Fort Worth & W. R. Co., 418 F.3d 535, 545 (5th Cir. 2005) (citations and quotation marks omitted).

### III. Temporary Restraining Order

As construed, Plaintiff requests that this Court issue a TRO prohibiting enforcement of a Judgement on Rule for Eviction which was issued by Judge Marilyn Castle of the 15th Judicial District Court, and which was signed April 15, 2016. [Doc. 1-2, p. 319] Taken together, the allegations in Plaintiff's Complaint argue Judge Castle erred in her legal determinations, and Plaintiff requests that this Court review her decision and issue a TRO against enforcement pending that review. Plaintiff has not carried the burden of persuasion as to a substantial likelihood of his success on the merits, or a substantial threat of irreparable harm to him absent a TRO, and therefore has not shown that he is due the TRO requested.

#### a. Substantial Likelihood of Success on the Merits

To be entitled to a TRO, Plaintiff must show that his claim has a substantial likelihood of success on the merits. Under the Rooker-Feldman doctrine, this Court does not have jurisdiction to review state court decisions. Therefore, there is no likelihood of success on the merits of Plaintiff's request that this Court review the Judgment of the 15th Judicial District Court. Plaintiff has, therefore, failed to show that he is entitled to a TRO "against" the Judgement on Rule for Eviction issued by Judge Castle.

The Rooker-Feldman doctrine, which arises from the jurisprudence of the United States Supreme Court, states that federal district courts have no subject-matter jurisdiction over a claim

3

brought by a plaintiff who has lost in state court, complains of injury caused by a state court judgment rendered before the federal district court proceedings commenced, and invites the district court to review that judgment. Land & Bay Gauging, L.L.C. v. Shor, 623 F. App'x 674, 678 (5th Cir. 2015).

Here, Plaintiff was ordered by Judge Castle to vacate the real estate at issue in this dispute and to deliver possession thereof to Defendants within twenty-four hours, on April 15, 2016 [Doc. 1-2, p. 319]. Plaintiff now alleges that the state court judgment, which was rendered prior to commencement of these proceedings (*i.e.*, August 10, 2016), will cause him injury through the dispossession of the property, and requests this Court to review and overturn the state court decision. Plaintiff therefore requests a TRO pending the outcome of a claim over which this Court has no jurisdiction, pursuant to the Rooker-Feldman doctrine. As there is no likelihood that this claim will succeed on the merits, Plaintiff has failed to show he is due the relief requested.

### b. Substantial Threat of Irreparable Harm

Even assuming this Court had jurisdiction over Plaintiff's request to review the state court Judgment, Plaintiff has failed to show he will suffer the substantial threat of irreparable harm necessary to entitle him to a TRO. Because Plaintiff provides no evidence that he is currently under any threat of harm from a Judgment issued and to have been executed in April, he has failed to carry his burden that he is due the relief requested.

As noted above, the Judgment which Plaintiff seeks to stave off with a TRO was signed on April 15, 2016. That Judgment ordered Plaintiff to turn over possession of described property within twenty-four hours of the date of the Judgment. [Doc. 1-2, p. 319]. Plaintiff filed his first Complaint seeking a TRO "against" the Judgment on August 10, 2016, nearly four months later. Plaintiff gives no indication that he has not complied with Judge Castle's order, nor any

4

explanation or justification for the delay should that be the case, nor does he indicate that any forced removal from the property is imminent. Plaintiff has, therefore, failed to show that there is a substantial threat of harm of any kind, and has failed to carry his burden to show he is due the relief requested. Therefore, his request for a temporary restraining order is DENIED.

### IV.   Preliminary Injunction

Plaintiff further requests a preliminary injunction prohibiting all Defendants, as well as their agents and assigns, from attempting to foreclose on, or evict Plaintiff from, the property that forms the basis of this dispute. Because Plaintiff has not, among other failures, shown a substantial threat of irreparable harm, he has not carried his burden to show he is due the relief requested.

This Court notes at the outset that aside from their duration, the primary practical difference between a TRO and preliminary injunction is that preliminary injunctions require both that notice be given to the party who is the subject of the injunction and that a hearing be held prior to the court's decision. As noted above, there is no indication in either of the Complaints that any of the Defendants were given notice Plaintiff would apply for a TRO or preliminary injunction, and no hearing was requested as to Plaintiff's requests for injunctive relief. While this suggests that Plaintiff's request for a preliminary injunction should be treated as a request for a TRO, Plaintiff appears *pro se*, so the Court will consider his request for a preliminary injunction, as he describes it.

To be entitled to a preliminary injunction, Plaintiff must show that there is a substantial threat of irreparable harm absent the injunction. Plaintiff requests that this Court enjoin Defendants from attempting to evict him from certain property, or from foreclosing on it, but on the face of the Complaint, foreclosure has already occurred, and a judgment ordering eviction within twenty-four hours was signed in April, 2016 by Judge Castle. Plaintiff is aware of this

history – indeed, Plaintiff's request for TRO, discussed above, attempts to halt enforcement of the very judgment that noted foreclosure and ordered eviction. Plaintiff provides no indication that foreclosure has not been completed, that eviction is not already complete, or, if not, that either is imminent. On the face of the Complaint, foreclosure and eviction have already occurred, therefore, the requested injunction could not prevent the outcomes Plaintiff seeks to avoid. Therefore, on these points alone, Plaintiff has not carried his burden of showing that he is due the relief requested, and Plaintiff's request for preliminary injunction is DENIED.

### V. Conclusion

Plaintiff requests that this Court issue a TRO against a state court Judgment on Rule of Eviction pending review by this Court. This Court has no jurisdiction to review state court decisions, and Plaintiff has provided no indication that enforcement of the judgment is imminent, or why it has not happened in the previous four months. Plaintiff further requests a preliminary injunction prohibiting Defendants from either foreclosing on property described in the Complaint or evicting Plaintiff from it. On the face of the Complaint, foreclosure has already occurred, and eviction within twenty-four hours was ordered by a state court in April, 2016. Plaintiff, therefore, has not carried his burden of showing that he is due any of the injunctive relief requested. For these reasons,

IT IS HEREBY ORDERED Plaintiff's requests for temporary restraining order and preliminary injunction are DENIED; the primary claims remain unaffected by this Ruling.

THUS DONE AND SIGNED in Lafayette, Louisiana, this 2 day of September, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

6