UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Obafunwa                                    Civil Action No. 6:16-01169

versus                                      Judge Rebecca F. Doherty

SCDF Loan & Technical                       Magistrate Judge Carol B. Whitehurst
Assistance Fund, et al

# REPORT AND RECOMMENDATION

Currently pending before the undersigned on referral from the district judge, is defendants', Pucheu, Pucheu & Robinson, LLP and John H. Pucheu's ("Pucheu Defendants"), Motion To Dismiss [Rec. Doc. 15], Plaintiff Christopher Kole Obafunwa, Sr.'s late-filed Opposition Memorandum [Rec. Doc. 25] and Pucheu Defendants' Reply thereto [Rec. Doc. 27]. Also before the Court is a Motion To Dismiss filed by defendants Southern Development Foundation ("SDF) and John Freeman ("Freeman") (sometimes referred to collectively as "SDF Defendants") [Rec. Docs. 31]. Because the SDF Defendants' Motion addresses identical issues raised in the Pucheu Defendants' Motion, the Court will address both Motions as follows.[1]

---

[1] All Defendants note that they have not been properly served in this matter. They are filing the instant motions, however, to seek dismissal of Plaintiff's claims *with prejudice*. Plaintiff previously filed similar complaints against Pucheu, Pucheu & Robinson, LLP and John H. Pucheu as well as SDF in a lawsuit which was dismissed with prejudice. *See* Civil Action No. 6:13-cv-03032-RTH-PJH.

For the following reasons, the Court will recommend that the Defendants' motions to dismiss under the *Rooker Feldman* doctrine be granted.

## I. Procedural History

This lawsuit arises out of a "Lease Purchase Agreement" involving residential property that Plaintiff allegedly executed with defendant SCDF Loan and Technical Assistance Fund, Inc. *R. 1, p. 13, ¶ 25; R. 1–2, pp. 104–107*. Plaintiff contends in this action that the executed document gave him certain ownership rights in immovable property. On April 19, 2016, however, in *SCFD Loan & Techn. Assistance Fund, Inc. v. Obafunwa*, 15th Judicial District Court, Lafayette Parish, State of Louisiana, Civil Docket No. C20162925 "L," Judge Marilyn Castle signed a Judgment evicting Plaintiff from the property. *R. 1–2, p. 319.* In the instant action, Plaintiff seeks prohibition of the enforcement of that Judgment and an injunction against all defendants from foreclosing on the property and/or evicting him.

Plaintiff, appearing *pro se*, filed this 98 page Complaint with 328 pages of exhibits on August 10, 2016. *R. 1*. On 2016, Plaintiff filed an amended complaint consisting of 98 pages which he stated was "A Corrected Version of Complaint." *R. 6*. Both versions will be referred to as the "Complaint." While Plaintiff's voluminous allegations are unclear, it appears that he alleges the defendants named therein violated numerous state and federal civil and criminal laws, including laws governing

contract, real estate, lending, debt collection, wire and mail fraud, and identity theft in a "wrongfull [sic] foreclosure & eviction" from a residential property "not legally owned" by defendants; nor any "money owed" to defendants.

In the Complaint, Plaintiff alleges that Judge Castle "erred" in basing her ruling of eviction on mortgage contracts which he contends were "void," "unenforceable" and/or "dead." Plaintiff prays for this Court to "vacate (reverse), the Judge Castle's Verdict of Eviction and Loss of Property of April 11, 2016, signed on April 15, 2016." *R. 6, ¶ 274.*

Plaintiff also makes certain requests for injunctive relief—that is, to review Judge Castle's legal determinations and decision and issue an injunction against enforcement.[2] On September 2, 2017, Judge Doherty entered a Ruling denying Plaintiff's requests for injunctive relief finding that he failed to carry the burden of proving the requirement of a "substantial likelihood of success on the merits." *R. 7.*

---

[2] As Judge Doherty stated,

Here, Plaintiff was ordered by the Judge Castle to vacate the real estate at issue in this dispute and to deliver possession thereof to Defendants within twenty-four hours, on April 15, 2016 [Doc. 1-2, p. 319]. Plaintiff now alleges that the state court judgment, which was rendered prior to commencement of these proceedings (i.e., August 10, 2016), will cause him injury through the dispossession of the property, and requests this Court to review and overturn the state court decision.

*R. 7.*

In particular, Judge Doherty held that this Court did not have jurisdiction to review state court decisions such as that at issue under the *Rooker-Feldman* doctrine.

The Pucheu Defendants filed their motion to dismiss on March 20, 2017, contending that Plaintiff's Complaint fails to present any facts as to his claims against them. *R. 15*. On the same day, the Notice of Motion Setting was filed and instructed that any response to the Motion was due withe twenty-one (21) days after the motion was filed. *R. 19*. On April 10, 2017, the day the response was due, Plaintiff filed a motion for extension of time to file the response. *R. 20*. The Court granted Plaintiff an extension until April 25, 2017 to file his response to the Motion. *R. 21*. On May 23, 2017, almost one month after the extended deadline, Plaintiff filed a memorandum in opposition to the Motion. *R. 25*. Thereafter, on May 30, 2017, the Pucheu Defendants' Reply was filed into the record. *R. 28*. The Reply includes a request for the Court to strike Plaintiff's late-filed Memorandum. Based on the record of this case, the Court will consider Plaintiff's late-filed Opposition Memorandum as it applies to the claims asserted in the motions to dismiss before the Court.[3]

---

[3] The Pucheu Defendants also assert that the Court should not consider the 73 pages of exhibits attached to Plaintiff's opposition. While the Court will not strike *pro se* Plaintiff's late-filed Opposition, it will consider only that in compliance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*II. Legal Standard Motion To Dismiss*

A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is properly granted when a defendant attacks the complaint because it fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). The court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina Marketing Corp.*, 748 F.3d 631, 635 (5th Cir. 2014).

The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). Regardless of whether the plaintiff is proceeding pro se or is represented by counsel, however, conclusory allegations and unwarranted

deductions of fact are not accepted as true, *Kaiser Aluminum &Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The allegations must be sufficient "to raise a right to relief above the speculative level," *Id. at 555,* and "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* "While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id. See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly* at 570.

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task

that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

### III. Analysis

Defendants contend this Court does not have the proper jurisdiction to adjudicate Plaintiff's claims and, under the *Rooker-Feldman* doctrine, such claims should be dismissed. Defendants further contend that Plaintiff's Complaint fails to present any facts as to his claims against them and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the applicability of the *Rooker-Feldman* doctrine is jurisdictional, the Court must decide this issue first before analyzing under Rule 12(b)(6) the merits of any claims over which the Court has jurisdiction. *Land & Bay Gauging. L.L.C. v. Shor*, 623 Fed.Appx. 674, 678 (5th Cir. 2015).

*1. The Rooker-Feldman Doctrine*

Defendants contend that, as determined by Judge Doherty in the ruling on Plaintiff's request for injunctive relief, any relief sought by Plaintiff is precluded by the *Rooker-Feldman* doctrine. R. 7. Defendants argue that the issues identified in

Plaintiff's Complaint were previously adjudicated by Judge Marilyn Castle in the Fifteenth Judicial District Court. Judge Castle issued a state court judgment wherein she determined that Plaintiff had no legal rights to certain property and that he was legally evicted, which is the very subject of the instant Complaint. As such, Defendants contend this Court does not have the proper jurisdiction to adjudicate Plaintiff's claims, and such claims should be dismissed.

The *Rooker-Feldman* doctrine, which arises from the jurisprudence of the United States Supreme Court, states that federal district courts have no subject-matter jurisdiction over a claim brought by a plaintiff who has lost in state court, complains of injury caused by a state court judgment rendered before the federal district court proceedings commenced, and invites the district court to review that judgment. *Land & Bay Gauging. L.L.C.* 623 Fed.Appx. at 67. In other words, the *Rooker–Feldman* doctrine bars a district court from exercising subject matter jurisdiction in an action that it would otherwise be empowered to adjudicate if the federal plaintiff seeks to overturn a state judgment. The doctrine "is confined to ... cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Magor v. GMAC Mortg., L.L.C.*, 456 Fed.Appx. 334, 335 (5th Cir. 2011).

The "hallmark of the *Rooker-Feldman* inquiry is the source of the federal plaintiff's alleged injury." *Truong v. Bank of America, N.A.,* 717 F.3d 377 (5th Cir. 2013). "[I]f a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court," then "*Rooker-Feldman* bars subject matter jurisdiction in federal court." *Id.* at 382-83. If, however, the source of the federal plaintiff's claims is independent from the state court judgment, the court maintains jurisdiction over those claims. *Id.* (Plaintiff did not seek to overturn the state-court judgment, and the damages she requested were for injuries caused by the bank's actions, not injuries arising from the foreclosure judgment.); *Drake v. St. Paul Travelers Ins. Co.,* 353 Fed. Appx. 901, 905 (5th Cir. 2009) ("In his present complaint, [Plaintiff] is not inviting the district court to review and reject the judgment of the Texas state courts. Instead, [the plaintiff] is seeking damages for [a defendant's] allegedly fraudulent statements. Thus, Rooker-Feldman is inapplicable in this case.").

In his Complaint, Plaintiff lists 25 Errors of Judgment upon which he contends Judge Castle's 2016 ruling should be overturned. *Id at pp. 44–78*. These Errors of Judgment concern the 2016 state court trial over which Judge Castle presided, and Judge Castle's rulings involving the defendants in this case and their alleged actions which took place primarily in 1999 and 2002. The Court will address Plaintiff's allegations against each Defendant and the corresponding Error(s) of Judgment which

Plaintiff requests be overturned:

(1) The Pucheu Defendants – Plaintiff alleges that John H. Pucheu, presumably though his law firm, Pucheu, Pucheu & Robinson, LLC, colluded with a company, Southern Development Fund, Inc ("SDF") to "steal" Plaintiff's property, *R. 1, p. 30,* and also "Orchestrated an elaborate lie for [the witnesses] to come lie under oath in court," *Id at p. 54, ¶ 164.* Plaintiff's Error # 24 states that Judge Castle erred by finding that SCDF had ownership/title to the Property at issue "especially via the crooked legal means of it's lawyer Mr. John Pucheu filing false papers in state courts" and should have "invalidate[d] the procured title by fraud."

(2) SDF - Plaintiff alleges that SDF hired employees who fraudulently formed a pass-through company, SCDF[4] (referred to by Plaintiff as "SCDF" or "SCDF Loan & Technical Assistance Funds, Inc" or "SCDF Loan & Technical Funds, Inc").[5] *Id at pp. 8-9, ¶ 20.* He alleges SDF is liable for allowing SCDF, a "bogus" company to exist ('SCDF Loan & Technical Funds, Inc. [is] an entity that does not exist") and by filing a false lawsuit in state court in SCDF's name. *Id at p. 15, ¶ 33.* Plaintiff's Errors #s 2 – 25, provide numerous statements as to Judge Castle's rulings related to

---

[4] SCDF has not been served in this lawsuit.

[5] In its answer to Plaintiff lawsuit, Civil Action No. 13-cv-3032. [Doc. 28], defendant SCDF Loan And Technical Assistance Fund, Inc. clarified the various names used by Plaintiff to refer to the corporation.

SCDF's alleged involvement in Plaintiff's eviction and loss of property. These statements relate to events involving the actions of SCDF and alleged SCDF lawyer, defendant Charles Goodie, and alleged SCDF employee, defendant Janice Laday Melancon, primarily in 12/01/1999 and 2002.

(3) John Freeman – Plaintiff alleges Freeman, who "became part of Southern Development Foundation," was one of the "Master-Mind Alliances" of a mortgage loan fraud perpetrated against Plaintiff, *Id at p. 9, ¶ 21*, by filing a false lawsuit in state court in SCDF's name and then failed to appear or testify about the loan at the 2016 state court trial. *Id at pp. 43-44, ¶ 138*. Plaintiff's Error #1 states that Judge Castle erred in that she should have "scuttled" the case against Plaintiff when "Freeman never presented himself in court to prosecute, present, nor offer any evidence in the state court trial."

Based on the foregoing, the undersigned finds Plaintiff's claims against Defendants are solely for injury caused by the 2016 state court judgment. Thus, the *Rooker–Feldman* doctrine strips this Court of subject matter jurisdiction over Plaintiff's claims against Defendants. Under the *Rooker–Feldman* doctrine, the United States Supreme Court is the only federal court that may engage in judicial review of state court proceedings. *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486 (1983); *Lance v. Dennis*, 546 U.S. 459, 463 (2006). "United States District Courts ...

do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. Further, the *Rooker–Feldman* doctrine prevents federal district courts from reviewing any constitutional issues that are "inextricably intertwined" with the state court proceedings. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 286 (2005).

In sum, Plaintiff's claims against Defendants are inextricably intertwined with Judge Castle's state court adjudication of his eviction from the subject property. Accordingly, the *Rooker–Feldman* doctrine requires that the Court dismiss all of Plaintiff's claims against Defendants for lack of subject matter jurisdiction. *See Cantu v. Commission of Lawyer Discipline*, 2017 WL 605315, at *4 (W.D.Tex., 2017). Accordingly, as the Court is without subject matter jurisdiction, it will not address Defendants' claims for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

### *IV. Conclusion*

Based on the foregoing analysis, the undersigned recommends that the District Court GRANT the Motion To Dismiss filed by Defendants Pucheu, Pucheu & Robinson, LLP and John H. Pucheu [Rec. Doc.15] and the Motion To Dismiss filed

by Defendants Southern Development Foundation and John Freeman [Rec. Doc. 31], and dismiss Plaintiff, Christopher Kole Obafunwa's, claims against them without prejudice for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 ($5_{th}$ Cir.1996).

Signed at Lafayette, Louisiana, this 27th day of July, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE